IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANGEL NOWLIN,

                **Plaintiff,**

v.                                                          1:13-cv-2042-WSD

ALLSTATE INSURANCE
COMPANY,

                **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Allstate Insurance Company's ("Defendant" or "Allstate") Motion to Dismiss [13] Plaintiff Angel Nowlin's ("Plaintiff" or "Nowlin") Amended Complaint [12]. Also before the Court is Defendant's request for injunctive relief, contained in its Motion to Dismiss, and Defendant's Motion to Strike [16] Plaintiff's Filing of Supplemental Evidence.

### I.  BACKGROUND

    A.  Introduction

This is an action by Nowlin, a former Allstate agent, to recover certain funds she alleges are due to be paid after an agency agreement with Allstate was terminated (the "Termination Funds"). Plaintiff alleges that the United States Bankruptcy Court wrongfully determined that she is not entitled to the Termination

Funds and that Allstate was required to pay the Termination Funds to the trustee of the bankruptcy estate of Plaintiff's corporation, the Nowlin Agency, Inc. (the "Corporation"), including to satisfy a loan obtained by the Corporation and secured by the Termination Funds.

B.  Background Facts

On September 1, 2004, Plaintiff and Allstate entered into an agency agreement which provided that Plaintiff would sell Allstate insurance policies and products, and that Allstate would pay Plaintiff commissions based on her sales. The agreement also provided that Plaintiff acquired an economic interest in the Allstate customer accounts she developed (the "Book of Business"), which could be transferred to an approved buyer or sold to Allstate upon termination of their agency agreement.[1]  (Am. Compl. ¶¶ 6-8).

On September 13, 2004, Plaintiff became the President and Chief Executive Officer of the Corporation and transferred her economic interest in the Book of Business to the Corporation.  (Id. ¶¶ 9-11).

On December 7, 2007, the Corporation obtained a loan in the amount of $173,000 from Oak Street Funding, LLC ("Oak Street").  Repayment of the loan

---

[1]  Plaintiff asserts that she was known as Angel McMurry when she first became an Allstate agent, and at some point, Plaintiff had "the interest in the Angel McMurry agency transferred to Angel Nowlin."  (Am. Compl. ¶ 7).

2

was secured by a lien on substantially all of the Agency's assets, including the Book of Business.  (Id. at Ex. B).  The Corporation, Oak Street and Allstate also executed a Security Interest and Collateral Assignment of Termination Payments and Economic Interests ("Termination Payments Assignment").  Under the terms of the Termination Payments Assignment, the Corporation granted to Oak Street a security interest in all termination payments due upon termination of the Corporation's agency agreement with Allstate and granted to Oak Street the right to receive direct payment from Allstate of all termination payments owed by Allstate to the Corporation.  (Id.; [Bankr. 14] at 50).[2]

On August 27, 2011, the Corporation was administratively dissolved.  (Am. Compl. ¶ 14).

On February 21, 2012, Oak Street filed a complaint against the Corporation in the Superior Court of Hamilton County, Indiana, alleging that the Corporation had defaulted on its loan obligations and seeking to foreclose on the collateral securing the loan, including the Corporation's rights to commission and other payments from Allstate.[3]  ([Bankr. 14] at 7).

---

[2]   Citations to documents filed in In re: Nolin Agency, Inc., No. 12-65618-crm (Bankr. N.D. Ga.) (the "Bankruptcy Action"), are indicated as "[Bankr. ]."
[3]   Oak Street Funding LLC v. Nowlin Agency, Inc., No. 29D03-CC-001719.

At some point in 2012, Plaintiff contacted Allstate to transfer the Corporation's Book of Business to herself.  (Am. Compl. ¶¶ 15-16).  Plaintiff asserts that an Allstate representative told her that "[Allstate's] search revealed no existing liens on [the Corporation's] economic interest;" and that Plaintiff "could follow the same practice that the Parties [sic] had practiced throughout their relationship to change the name and interest in the [Book of Business]" and execute a new agency agreement in her own name.  (Id.).

On March 1, 2012, Plaintiff and Allstate executed an Exclusive Agency Agreement (the "March 1, 2012, EAA"), which, Plaintiff asserts, transferred to Plaintiff the Corporation's economic interest in the Book of Business.  (Id. ¶ 17 & Ex. A).

Later in March 2012, Plaintiff claims, she "decided to sell her economic interest in the [Book of Business] to Allstate."  (Id. ¶ 22).  Plaintiff asserts that Allstate told her that she would receive a total of approximately $145,000 in termination payments, which would be paid to her in twelve (12) equal monthly payments, beginning in May 2012.  (Id.).

At some point, Allstate learned about the Indiana Action and Oak Street requested that Allstate pay it the monthly termination payments until the Corporation's loan was fully repaid.  ([Bankr. 14] at ¶ 24).

On May 3, 2012, Plaintiff "learned that Allstate forwarded her [t]ermination [p]ayments to a third party, Oakstreet [sic] Funding," which, she claims, was "unlawful" including because "Allstate had previously confirmed that there were no active liens or garnishments against her economic interest in her [B]ook of [B]usiness." (Am. Compl. ¶ 28).

On June 1, 2012, Oak Street filed in the Indiana Action a motion for leave to issue a garnishment summons against Allstate for the Termination Funds. ([Bankr. 14] ¶ 27).

On June 22, 2012, the Corporation filed a petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Action"). (Id. ¶ 31 & Ex. B).[4] In the petition, Plaintiff, on behalf of the Corporation, listed herself—apparently in her individual capacity—as one of the Corporation's creditors. ([Bankr. 1] at 19-20).

On August 6, 2012, Plaintiff, represented by counsel, filed a complaint against Allstate in the Superior Court of DeKalb County, Georgia, seeking to compel Allstate to pay the Termination Funds to Plaintiff.[5] On September 5, 2012, the DeKalb County Action was voluntarily dismissed without prejudice.

---

4   In re: Nolin Agency, Inc., No. 12-65618-crm (Bankr. N.D. Ga.).
5   Nowlin v. Allstate Insurance Co., No. 12CV9267.

On January 7, 2013, Oak Street filed in the Bankruptcy Action its Motion for Approval of Agreement Modifying Automatic Stay ("Motion for Approval" or "Oak Street's Motion"), seeking the Bankruptcy Court's approval of an agreement between Oak Street, Allstate and the Trustee regarding the Termination Funds. (Am. Compl. ¶ 32 & [Bankr. 14]).  The agreement provided that Allstate would pay the Termination Funds, in the amount of $128,271.20, to the Trustee;[6] that the Trustee would pay Oak Street, and Oak Street agreed to accept, $102,000 to satisfy in full any claim Oak Street might have against the Corporation's bankruptcy estate, including for payment of the Corporation's outstanding loan balance; and that the remaining $26,271.20 would be held by the Trustee on behalf of the bankruptcy estate.  Notice of the Hearing on Oak Street's Motion and a copy of the motion were sent to the Corporation's creditors, including Plaintiff.  ([Bankr. 14] at 66).

On January 31, 2013, the Bankruptcy Court conducted a hearing on Oak Street's Motion.  Plaintiff did not appear at the hearing and she did not object to Oak Street's Motion.

On February 1, 2013, the Bankruptcy Court granted Oak Street's Motion for Approval.  The Bankruptcy Court found that it had jurisdiction to consider Oak

---

[6] It is unclear what, if any, of the Termination Funds were disbursed by Allstate before it reached the agreement with Oak Street and the Trustee.

6

Street's Motion; that "without Oak Street's knowledge or consent, [the Corporation] terminated its agency agreement with Allstate and directed Allstate to make all termination payments to [Plaintiff, the Corporation's] sole shareholder and officer;" that the Corporation had defaulted on its loan obligations; that "[n]o party, other than Oak Street and the Trustee, has any legal or equitable interest in or to the Termination Funds;" and that Oak Street was entitled to enforce its security interests, including in the Termination Funds.  The Bankruptcy Court held:

> Once Allstate has disbursed the $128,271.20 to the Trustee, Allstate shall be permanently discharged from any and all further liability to any party for commissions, Termination Funds or any other type of payment or financial obligation that relates or refers in any way to the [Corporation], Angel Nowlin or the Nowlin Allstate Agency that was owned and operated by [the Corporation] and/or Angel Nowlin.  Any and all claims that were raised or could have been raised against Allstate by the [Corporation], the Trustee, Oak Street, Angel Nowlin or any other party in this Chapter 7 bankruptcy case shall forever be released, barred and discharged by this Order.

([Bankr. 15] at 4).

On February 14, 2013, Plaintiff moved for reconsideration of the Bankruptcy Court's February 1, 2013, Order, on the grounds that the Bankruptcy Court lacked jurisdiction to grant Oak Street's Motion because Plaintiff is not a party to the Bankruptcy Action and she did not receive notice of Oak Street's Motion or the hearing on it.  ([Bankr. 17]).  Plaintiff claimed that she is entitled to

7

the Termination Funds because Allstate "transferred all economic interest, policy commissions and termination payments from [the Corporation] to [Plaintiff]." (Id.).

On February 20, 2013, the Bankruptcy Court denied Plaintiff's motion for reconsideration.  ([Bankr. 18]).

On March 12, 2013, Plaintiff filed a Notice of Appeal, seeking to appeal the Bankruptcy Court's denial of her motion for reconsideration.  ([Bankr. 21]).  On March 19, 2013, Plaintiff also filed an application to proceed *in forma pauperis* on appeal, which the Bankruptcy Court denied on April 5, 2013.  ([Bankr. 28, 30]).  On May 7, 2013, the Court denied Plaintiff's appeal as untimely and for failure to pay the filing fee.  ([Bankr. 35]).

On June 18, 2013, Plaintiff, proceeding *pro se*, filed her "Request for Injunction for Relief and Restraining Order" ("Request for Injunction") [1] in this action, seeking to enjoin Allstate from disbursing the Termination Funds pursuant to the Bankruptcy Court's February 1, 2013, Order.

On September 26, 2013, the Court found that, although the Clerk docketed Plaintiff's Request for Injunction as a "complaint," the filing did not assert any discernible causes of action and failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure, including because it did not contain a statement of the

grounds for the court's jurisdiction [11].  The Court directed Plaintiff to file, on or before October 28, 2013, a complaint complying with the Federal Rules of Civil Procedure, and the Court denied without prejudice Allstate's Motion to Dismiss Plaintiff's Request for Injunction.

On October 28, 2013, Plaintiff filed her Amended Complaint [12].  Plaintiff asserts that the Bankruptcy Court "had no jurisdiction to override [her] personal contractual and substantive rights to [the Termination F]unds" because she was not a party to the Bankruptcy Action, and that she has a "legitimate claim" to the Termination Funds because the March 1, 2012, EAA transferred to Plaintiff the Corporation's economic interest in the Book of Business.  Plaintiff seeks to enjoin Allstate from complying with the Bankruptcy Court's February 1, 2013, Order, and to compel Allstate to disburse the Termination Funds to Plaintiff.  Plaintiff seeks, in the alternative, an award of damages in the amount of $144,000 "for the amount owed to [her], plus [her] costs incurred as a result of Allstate's breach of [her] contract entitling her to the [Termination Funds] which is around an additional $100,000."  (Am. Compl. at 9-10).

On November 11, 2013, Allstate moved to dismiss Plaintiff's Amended Complaint on the basis that the Bankruptcy Court's February 1, 2013, Order bars Plaintiff's claims in this action.

On February 15, 2014, Plaintiff submitted supplemental evidence in support of her Amended Complaint, consisting of a Form 1099 tax document, which Plaintiff asserts shows that Allstate acknowledged its debt owed to Plaintiff [15].

On March 10, 2014, Allstate moved to strike [16] Plaintiff's supplemental evidence, arguing that it is not material or relevant to Plaintiff's claims.[7]

The Court first determines whether it has jurisdiction to consider Plaintiff's claims in her Amended Complaint.

## II.   DISCUSSION

The Bankruptcy Court found in its February 1, 2013, Order, that "[n]o party other than Oak Street and the Trustee has any legal or equitable interest in or to the Termination Funds" and held that "any and all claims that were raised or could have been raised against Allstate by the [Corporation], the Trustee, Oak Street, Angel Nowlin or any other party in this Chapter 7 bankruptcy case shall forever be released, barred and discharged by this Order."  ([Bankr. 15] at 3-4).  Plaintiff argues that the Bankruptcy Court lacked jurisdiction to "override [her] personal contractual and substantive rights to those funds," including because Plaintiff was not a party to the Bankruptcy Action.  The Court disagrees.

---

[7]   Allstate also asserts that the Form 1099 Plaintiff submitted was issued in error, that a corrected form was later issued to Plaintiff indicating that she did not receive any income from Allstate in 2013, and that Allstate issued a new form, indicating that the $128,271.20 was paid to the Corporation.

10

"[B]ankruptcy jurisdiction . . . is principally *in rem* jurisdiction." Alderwoods Grp., Inc. v. Garcia, 682 F.3d 958, 969 (11th Cir. 2012) (quoting Cent. Va. Cmty. Coll. v. Katz, 546 U.S. 356, 369 (2006)).  The Bankruptcy Code provides that a bankruptcy court "in which a [petition for bankruptcy] is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor . . . and of property of the estate."  28 U.S.C. § 1334(e)(1).  Property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property."  11 U.S.C. § 541(a)(1).  Bankruptcy courts have authority to hear matters concerning administration of the bankruptcy estate, the allowance or disallowance of claims against the estate, proceedings to determine, avoid or recover fraudulent conveyances, and determinations of the validity, extent, or priority of liens.  28 U.S.C. § 157(b).

In its bankruptcy petition, the Corporation included among its personal property its agency agreement with Allstate.  ([Bankr. 1] at 7).  The Termination Funds—which consist of the payments due to be paid to the Corporation in connection with the termination of the Corporation's agency agreement with Allstate—are therefore property of the Corporation's bankruptcy estate, see 11 U.S.C. § 541(a)(1), and the Bankruptcy Court has exclusive jurisdiction to decide any and all claims to the Termination Funds, see 11 U.S.C. § 157(b);

11

28 U.S.C. § 1334(e)(1).[8]

Plaintiff argues that the Bankruptcy Court lacked jurisdiction to "override [her] personal contractual and substantive rights to those funds" because Plaintiff was not a party to the Bankruptcy Action and did not receive notice of Oak Street's Motion.  Plaintiff's assertions are not supported by the record.  Plaintiff, on behalf of the Corporation, listed herself—in her individual capacity—as one of the Corporation's creditors in its bankruptcy petition, and the record is further that Oak Street served Plaintiff, as a "party in interest," with copies of its Motion for Approval and a Notice of Hearing on the motion.  ([Bankr. 1] at 19-20; [Bankr. 14] at 65-66).  The Notice of Hearing clearly states, "YOUR RIGHTS MAY BE AFFECTED BY THE COURT'S RULING ON THESE PLEADINGS," and "[i]f you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must file an objection to the Motion and attend the Hearing." ([Bankr. 14] at 1).[9]  Because

---

[8] To the extent Plaintiff argues that the Trustee wrongfully consented to Oak Street's Motion, in a case under Chapter 7 of the Bankruptcy Code, the trustee may avoid certain preferential and fraudulent pre-petition transfers of the debtor's property and may recover, for the benefit of the bankruptcy estate, the property transferred or the value of such property.  See 11 U.S.C. §§ 544, 547, 548, 550.  Property recovered by the trustee becomes property of the debtor's bankruptcy estate.  11 U.S.C. § 541(a)(3).

[9] That Plaintiff asserts in her Motion for Reconsideration that she did not file an objection to Oak Street's Motion, or attend the hearing, purportedly on advice

Plaintiff did not object to Oak Street's Motion and chose not to submit a proof of claim in the Bankruptcy Action, Plaintiff cannot assert in this action a claim to the Termination Funds.  See, e.g., Tenn. Student Assist. Corp. v. Hood, 541 U.S. 440, 447 (2004) (citing 11 U.S.C. § 726; Fed. R. Bankr. P. 1007(a)(1), 2002(l), 3002(a)) ("In a typical voluntary bankruptcy proceeding under Chapter 7, the debtor files a petition for bankruptcy in which he lists his debts or his creditors, . . . [t]he clerk notifies the debtor's creditors of the [petition], and . . . if a creditor wishes to participate in the debtor's assets, he files a proof of claim.  If a creditor chooses not to submit a proof of claim, once the debts are discharged, the creditor will be unable to collect on his unsecured loans.").

Even if Plaintiff were not a creditor in the Bankruptcy Action, "[a] bankruptcy court's *in rem* jurisdiction permits it to 'determine all claims that anyone, whether named in the action or not, had to the property or thing in question.'"  Id. at 448 (quoting 16 J. Moore et al., Moore's Federal Practice § 108.70[1] (3d ed. 2004)).  "A bankruptcy court is able to provide the debtor a fresh start . . . despite the lack of participation of all his creditors, because the court's jurisdiction is premised on the debtor and his estate, and not on the creditors."  Id. at 447; see also Alderwoods, 682 F.3d at 969.

---

of counsel for the Corporation, undercuts her assertion that she did not receive notice of the Oak Street's Motion and the hearing.  ([Bankr. 17] at 1-2).

The Termination Funds are property of the Corporation's bankruptcy estate and the Bankruptcy Court, as "the court administering the bankrupt's estate—the *res*—is the court with the power to enter orders effecting its distribution and to 'adjudicate rights in it that are binding against the world.'"  Alderwoods, 682 F.3d at 969 (quoting Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1171 (11th Cir. 2011)).  The Bankruptcy Court, in its February 1, 2013, Order, found that "[n]o party other than Oak Street and the Trustee has any legal or equitable interest in or to the Termination Funds" and held that "any and all claims that were raised or could have been raised against Allstate by the [Corporation], the Trustee, Oak Street, Angel Nowlin or any other party in this Chapter 7 bankruptcy case shall forever be released, barred and discharged by this Order."  ([Bankr. 15] at 3-4).  To the extent Plaintiff seeks relief from the Bankruptcy Court's February 1, 2013, Order, such a request is required to be made in the Bankruptcy Court.[10]  See Fed. R. Civ. P. 59, 60.  The Court lacks jurisdiction

---

[10] Plaintiff did, unsuccessfully, move for reconsideration of the Bankruptcy Court's February 1, 2013, Order.  The Court notes that Plaintiff's Motion for Reconsideration is nearly identical to Plaintiff's Amended Complaint here, and *res judicata* bars further consideration in this action of Plaintiff's arguments considered and rejected by the Bankruptcy Court in its February 20, 2013, Order denying Plaintiff's Motion for Reconsideration.  See In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001) ("The doctrine of *res judicata* . . . will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involve the

to consider in this action Plaintiff's claim to the Termination Funds and her Amended Complaint is required to be dismissed.[11, 12]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Allstate Insurance Company's Motion to Dismiss [13] Plaintiff's Amended Complaint is **GRANTED.** Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

---

same parties or their privies; and (4) both cases involve the same causes of action."); Chicot Cnty. Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 377 (1940) (A bankruptcy court "has the authority to pass upon its own jurisdiction and its decree sustaining jurisdiction against attack, while open to direct review, is *res judicata* in a collateral action."). Plaintiff's Amended Complaint is required to be dismissed for this additional reason.

[11]  Because the Court concludes that it lacks jurisdiction to consider Plaintiff's claims in this action, the Court does not consider Allstate's other ground for dismissal and Allstate's Motion to Strike is denied as moot.

[12]  In its Motion to Dismiss, Allstate also requests an order enjoining Plaintiff from bringing any subsequent action related to the Termination Funds.  The Bankruptcy Court's February 1, 2013, Order provides that "[a]ny and all claims that were raised or could have been raised against Allstate by the [Corporation], the Trustee, Oak Street, Angel Nowlin or any other party in this Chapter 7 bankruptcy case shall forever be released, barred and discharged by this Order." ([Bankr. 15] at 4).  To the extent Allstate seeks additional relief to enforce the Bankruptcy Court's February 1, 2013, Order, Allstate is required to make such a request in the Bankruptcy Court.  See, e.g., Alderwoods, 682 F.3d 958 (party seeking to enforce injunction cannot obtain a successive injunction, that is, an injunction ordering compliance with an existing injunction; only bankruptcy court that entered order had authority to impose sanctions for its violation).  Allstate's request for a permanent injunction is denied.

**IT IS FURTHER ORDERED** that Defendant's request for injunctive relief, contained in its Motion to Dismiss, is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike [16] Plaintiff's Notice of Filing of Supplemental Evidence is **DENIED AS MOOT.**

**SO ORDERED** this 29th day of July, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE